HARDY, Judge.
This is a suit for damages sustained in an intersectional automobile collision in the City of Alexandria, Rapides Parish, Louisiana. Plaintiffs are Robert O. Darnall, a passenger in one of the automobiles involved in the accident, who seeks recovery of damages for personal injuries, etc.; Calvert Fire Insurance Company, liability insurer of the automobile, subrogee of its assured, Grace Havens, also a .plaintiff, who seek to recover the full amount of the damages sustained by the automobile owned by Mrs. Havens. Defendants are the owner and insurer of a truck, which was the other vehicle involved.
The accident occurred at the intersection of Ninth and DeSoto Streets between 1:00 and 1:30 o’clock, a. m. on May 8,. 1948. DeSoto is a one-way street and, by city ordinance, is a right-of-way street, whereas Ninth Street is a secondary thoroughfare on which traffic is required to come to a full stop before entering the intersection with DeSoto.
Plaintiffs claim that the driver of the Havens car, who was young Albert Havens, brought his car to a full stop, as required by law, looked carefully in both directions to observe approaching traffic, and then proceeded into the intersection in which the car was struck by a large truck allegedly traveling, without lights, at an excessive speed of more than 40 miles per hour. As additional counts of negligence plaintiffs charged the truck driver with failing to maintain a proper lookout; failing to attempt to avoid a collision after observing the Havens automobile; and, finally, with leaving the scene of the accident and failing to offer aid.
Defendants deny all charges of negligence asserted by plaintiffs and contend that the truck was being driven at a reasonable and legal rate of speed, with lights burning, and the driver diligently keeping a lookout for traffic; that the driver of the truck observed the approach of the Havens car, assumed the driver would come to a stop before entering the intersection, as required by law, and, confronted with the failure of the driver of the approaching car to make the legally required stop, attempted to avoid the collision by braking his truck and turning to the right, which efforts, however, were unavailing.
After trial there was judgment rejecting plaintiffs’ demands, from which plaintiffs have appealed.
The issues involved in the instant case are entirely factual and the evidence on behalf of parties plaintiff and defendant is, as usual, contradictory and irreconcilable. The witnesses for plaintiff were young Havens, the driver of the car; his sixteen-year old sister; Darnall and his eighteen-year old wife, the latter three being passengers in the Havens’ car. These young people tell a remarkably consistent story'of the early morning accident, which, in brief, simply bears out the claims made by plaintiffs as above set forth. They testified that young Havens brought the car to a stop at the intersection, made observation for approaching traffic, saw none, and had entered the intersection when the large truck, without lights, crashed into the automobile. Havens’ first knowledge of the danger,. according to the testimony of plaintiffs’ witnesses, was when Darnall yelled a warning.
The truck involved in the accident, owned by the defendant, Coco, and driven •by one Stewart, a 41-year old Negro man, was used in transporting United States mail, and, at the time, Stewart was engaged in taking the mail to the Texas & Pacific Railway depot, some few blocks distant from the scene of the accident. The testimony of Stewart is squarely opposed to the narrative related by plaintiffs’ witnesses. Stewart testified that he did observe' the approaching automobile, and, assuming that it would come to a stop, since he was traveling on a right-of-way street, drove his truck into the intersection only to observe that the automobile was attempting to negotiate the passage of the intersection, at which time he applied his brakes and turned the truck in a vain attempt to avoid the collision. Stewart further testified that after the accident he left the truck in the intersection and pro *626 ceeded on foot to the railway depot, where he requested the night agent to summon the police, after which he returned to the scene of the accident and awaited the arrival of the officers.
If Stewart’s testimony stood alone, there might he serious ground for doubting its veracity, -but he is corroborated in all those •material details susceptible of establishment by an observation of the physical conditions. This corroboration was effected 'by the testimony of one of the police ■officers, James Dusange, and, by stipulation ■of counsel, it was agreed that his fellow ■officer, who accompanied him to the accident, C. J. Cazes, would, if examined, -have given substantially the same testimony.
Dusange testified that he and Cazes ar7 rived at the scene of the accident - shortly after its occurrence, but after Darnall, the only one who sustained injuries, had been taken to the hospital for first aid. He further stated that the truck' was in the intersection, and, in his opinion, without question, had not been moved from -the point where it came to' rest after the accident ;' that the driver, Stewart, was present, and that observation disclosed skidmarks showing that the brakes of the truck had been applied, and, further, that.the truck lights were burning at the time of his arrival.
But the testimony of Dusange which is most damaging to plaintiffs’ contentions is embodied in the following extract: “I asked Mr. Havens if he saw the truck coming and he said ‘yes, I saw it’ and he said T thought I could make it across in .time’ * *
The testimony of plaintiffs’ witnesses is subject to serious question. Young ‘.Havens testified that he did not know officer Dusange, while the latter declared that he had been a friend of Havens and had known every member of ’ his family, with the exception of his father, for several years. Some of plaintiffs’' witnesses testified that the truck 'came to a stop^ a half block away from' the scene of the accident, which testimony is successfully controverted not only by the truck driver 'but by the police officers. There are other inconsistencies in the testimony of these witnesses which we do not deem it necessary to detail.
The learned judge of the District Court, who heard at first hand the testimony of all the witnesses, rendered judgment in favor of defendants upon conclusion of the trial. .
For the reasons above stated, we are quite in accord with the judgment rendered, which, accordingly, is affirmed at appellant’s cost.